IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY ANTHONY FOLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0384 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**ORDER ON DISMISSAL**

State inmate Roy Anthony Foley, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2003 state conviction for burglary of a building. Respondent filed a motion to dismiss based on expiration of limitations (Docket Entry No. 14), to which petitioner filed a response (Docket Entry No. 15). After considering the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this case as barred by limitations.

*Procedural History*

Petitioner was convicted of burglary of a building on January 14, 2003. The conviction was affirmed on appeal. *Foley v. State*, No. 09-03-097-CR (Tex. App. – Beaumont 2004, pet. ref'd). His petition was discretionary review was refused on November 17, 2004. Petitioner's first application for habeas relief was dismissed as premature. His second application was filed on November 2005, and denied by the Texas Court of Criminal

Appeals on January 11, 2006. His third application for state habeas relief was filed on September 8, 2006, and dismissed by the court as an abuse of the writ on October 25, 2006.

Petitioner filed the instant habeas petition on January 18, 2007, complaining of double jeopardy, ineffective assistance of counsel, an improper indictment, a *Batson* violation, an illegal sentence, and insufficient evidence.

*Analysis*

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, petitioner was convicted and sentenced on January 14, 2003. The Texas Court of Criminal Appeals refused discretionary review on November 17, 2004. Petitioner's conviction became final for purposes of AEDPA on February 15, 2005, and the one-year limitation expired on February 15, 2006.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner's first application for state habeas relief did not toll limitations, as it was not "properly filed" under *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004). Petitioner's second application for state habeas relief was "pending" for sixty-two days, tolling the AEDPA limitation until April 18, 2006. Petitioner's third application for state habeas relief was filed after expiration of limitations, and had no tolling effect.

Accordingly, the instant petition is untimely and barred by limitations. Petitioner's response to the motion to dismiss does not reveal any viable grounds for application of 28 U.S.C. §§ 2252(d)(1)(B), (C), or (D), or for equitable tolling. Because there is no statutory

or other basis to save petitioner's untimely petition, this petition is barred by limitations and will be dismissed.

*Conclusion*

Respondent's motion to dismiss (Docket Entry No. 14) is GRANTED, and this case is DISMISSED with prejudice as barred by limitations. Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas on April 30, 2007.

_____
Gray H. Miller
United States District Judge